IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RONNIE LEE MC DANIEL,<br><br>    Plaintiff,<br><br>v.<br><br>LDS HOSPITAL, SALT LAKE COUNTY SHERIFF'S DEPARTMENT,<br><br>    Defendants. | Case No. 2:07-CV-886-TS<br><br><br><br>**REPORT AND RECOMMENDATION** |

   Before the court is a complaint filed by *pro se* Plaintiff, Ronnie Lee McDaniel.  Plaintiff's complaint was filed on November 14, 2007 (Docket Entry #3), the same day Plaintiff's motion to proceed *in forma pauperis* was granted (Docket Entries #1, 2). United States District Judge Ted Stewart, to whom the case was assigned, referred the case to United States Magistrate Judge Samuel Alba on January 29, 2008, pursuant to 28 U.S.C. § 636(b)(1)(B).  (Docket Entries #3, 6.)

   Due to Plaintiff's failure to comply with the court's order to file an amended complaint, and due to the complaint's failure to state a claim on which relief may be granted, the court recommends that Plaintiff's complaint be dismissed.

**ANALYSIS**

The court relies on Rule 41(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e)(2)(B) in recommending that Plaintiff's complaint be dismissed.

First, Rule 41(b) allows the court to dismiss a plaintiff's complaint for failure to comply with a court order.  *See* Fed. R. Civ. P. 41(b); *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe*, 492 F.3d 1158, 1161, 1161 n.2 (10th Cir. 2007).  On January 31, 2008, the court ordered Plaintiff to file an amended complaint.  (Docket Entry #7.)  Contrary to that order, Plaintiff has not filed an amended complaint.  In fact, since that order was issued, Plaintiff has not filed any pleading in this case.  As a result, Plaintiff has failed to comply with this court's order and, on that basis, the court may dismiss Plaintiff's complaint.

Second, 28 U.S.C. § 1915(e)(2)(B) directs that, in cases in which the Plaintiff is proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that - . . . (B) the action or appeal . . . (ii) fails to state a claim on which relief may be granted . . . ."  Because Plaintiff is proceeding *in forma pauperis*, Section 1915(e)(2)(B) applies to this case.

The court notes, as it did in its January 31, 2008 order, that Plaintiff is proceeding *pro se*.  As a result, the court construes his pleadings liberally and holds his pleadings to a

less stringent standard than formal pleadings drafted by lawyers. *See Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). However, a broad reading of his complaint does not relieve Plaintiff of the burden of alleging sufficient facts on which a recognized legal claim can be based.  *See id.*  "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The court notes that it is not its proper function to assume the role of advocate for Plaintiff or any other *pro se* litigant.  *See id.*  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

In its January 31, 2008 order, the court warned Plaintiff that it had reviewed Plaintiff's complaint and concluded that it fails to state a claim on which relief may be granted.  The court explained that the allegations Plaintiff sets forth in his complaint are vague and fail to provide sufficient facts to support a legal claim.  For example, in setting forth the nature of the case, Plaintiff simply wrote, "Any and all civil rights have been abused by those in and with authoritative power under illegal and false pretenses."  (Docket Entry #3, at 3.)  In describing count 1 of his complaint, Plaintiff wrote, "Attempted bodily injury/threats of death and injury," which he described in

more detail as:  "all worldwide officials are and have ignored continuous reports of and/by myself at several points listed and have not only conducted out allowed all said atrocities in count 1.  The Salt Lake City Police Department/Sheriff's Department refuse to recover funding entrusted to me by world leaders."  (Docket Entry #3, at 4.)  The court is unable to see how these facts support a claim of bodily injury and threats of death.  In addition, the court is unable to ascertain a federal claim based on these facts.

    Plaintiff describes his second count as "physical injury and attempted death by medical malpractice and direct tampering with my health."  (Docket Entry #3, at 4.)  The supporting facts given by Plaintiff are the following:  "All supporting facts are covered with triage reports from hospital as defendant 1 and listed with all adverse parties and count 1 procedure."  Again, these facts are not sufficient to allow the court to determine if Plaintiff has stated a claim upon which relief may be granted.  The court notes that Plaintiff need not provide evidence in his complaint, such as hospital reports, to state a federal claim; however, Plaintiff must explain to the court, in sufficient detail, what facts support the stated claim.

    Finally, Plaintiff describes his third count as "E and wire fraud causing bodily injury by broadcast of false and misleading information."  (Docket Entry #3, at 5.)  Plaintiff supports this claim with the following facts:  "there's illegal public viewing

and publishing [sic] material being dispersed worldwide listed as precedence under cv-rights litigation pending and any and all are faked and electronically enhanced to for an opinion causing bodily harm to plaintiffs involved." As with Plaintiff's other two claims, the facts given in support of the third claim do not provide the court with sufficient facts to allow the court to determine whether Plaintiff has stated a claim upon which relief can be granted. Instead, this statement simply sets forth conclusory allegations unsupported by factual averments. Thus, the court concludes, after carefully reviewing Plaintiff's complaint, that it fails to set forth a federal claim upon which relief can be granted and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## RECOMMENDATION

Based on the above analysis, **IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED.**

Copies of the foregoing report and recommendation are being mailed to the parties who are hereby notified of their right to object to the same. The parties are further notified that they must file any objections to the report and recommendation, with the clerk of the district court, pursuant to 28 U.S.C. § 636(b),

within ten (10) days after receiving it.  Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

DATED this 11th day of March, 2008.

BY THE COURT:

_____
SAMUEL ALBA
United States Chief Magistrate Judge